## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

Plaintiffs,

v.

**SOUTHERN TELECOM, INC.,**

Defendant.

C.A. No. 15-1128-GMS

## DEFENDANT SOUTHERN TELECOM, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULE 12(b)(6)

OF COUNSEL:

P. Andrew Blatt
**WOOD HERRON & EVANS LLP**
2700 Carew Tower
Cincinnati, OH 45202
Telephone: (513) 241-2324
E-mail: dblatt@whe-law.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (# 5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone: 302-571-6600

*Attorneys for Defendant, Southern Telecom, Inc.*

March 8, 2016

# TABLE OF CONTENTS

Page

I.     NATURE AND STAGE OF THE PROCEEDINGS ................................................... 1

II.    SUMMARY OF THE ARGUMENT ........................................................................... 1

       A.    Direct Infringement Allegations Not Plausible ................................................ 1

       B.    Indirect Infringement Allegations Not Plausible ............................................. 2

       C.    Willful Infringement Allegations Not Plausible .............................................. 2

III.   STATEMENT OF FACTS ........................................................................................... 3

IV.    ARGUMENT ............................................................................................................... 6

       A.    Legal Standard for Pleading Patent Infringement ............................................ 6

             1.     Direct Infringement .............................................................................. 6

             2.     Indirect Infringement ........................................................................... 8

                    a.     Induced Infringement ................................................................ 8

                    b.     Contributory Infringement ........................................................ 9

       B.    Willful Infringement ........................................................................................ 9

       C.    Philips's Conclusory and Unsupported Allegations ...................................... 10

             1.     Direct Infringement ............................................................................ 10

             2.     Induced Infringement ......................................................................... 14

             3.     Contributory Infringement ................................................................. 17

             4.     Willful Infringement .......................................................................... 20

V.     CONCLUSION         ................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Andrulis Pharms. Corp. v. Celgene Corp.*,
    C.A. No. 13-1644-RGA, 2014 U.S. Dist. LEXIS 50110 (D. Del. Apr. 10, 2014) ................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... *passim*

*Bonutti Skeletal Innovations L.L.C. v. ConforMIS, Inc.*,
    C.A. No. 12-1109-GMS, 2013 U.S. Dist. LEXIS 164549 (D. Del. Nov. 14, 2013) ..........12, 7

*Desenberg v. Google, Inc.*,
    392 F. App'x 868 (Fed. Cir. 2010) ...............................................................................12

*E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
    C.A. No. 11-773-SLR, 2012 U.S. Dist. LEXIS 140037 (D. Del. Sept. 28, 2012)....................8

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) .............................................................................................7, 8

*Friday Group v. Ticketmaster*,
    No. 4:08CV01203 JCH, 2008 U.S. Dist. LEXIS 100529 (E.D. Mo. Dec. 12, 2008) .............13

*HSM Portfolio L.L.C. v. Fujitsu Ltd.*,
    C.A. No. 11-770-RGA, 2012 U.S. Dist. LEXIS 92167 (D. Del. July 3, 2012) .....................15

*HSM Portfolio L.L.C. v. Fujitsu Ltd.*,
    C.A. No. 11-770-RGA, 2014 U.S. Dist. LEXIS 125500 (D. Del. Sept. 9, 2014) .................19

*In re Seagate Tech., L.L.C.*,
    497 F.3d 1360 (Fed. Cir. 2007) (en banc) ..............................................................................9

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993) ...................................................................................................13

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    134 S. Ct. 2111 (2014) ...........................................................................................................12

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ...............................................................................................9

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ..............................................................................17, 20

*Macronix Int'l v. Spansion Inc.*,
    4 F. Supp. 3d 797 (E.D. Va. 2014) ...................................................................................11

*Mayne Pharm. Int'l PTY Ltd. v. Merck & Co.*,
    C.A. No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912 (D. Del. Dec. 3, 2015) ..............7

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    C.A. No. 13-2052-LPS, 2014 U.S. Dist. LEXIS 131568 (D. Del. Sept. 19, 2014) ....16, 17, 18

*Pragmatus AV, L.L.C. v. Yahoo! Inc.*,
    C.A. No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874 (D. Del. Nov. 13, 2012) ....15, 18

*Pragmatus Telecom, L.L.C. v. Ford Motor Co.*,
    C.A. No. 12-92-RGA, 2012 U.S. Dist. LEXIS 93112 (D. Del. July 5, 2012) .......................19

*R+L Carriers, Inc. v. DriverTech L.L.C. (In re Bill of Lading Transmission & Processing*
    *Sys. Patent Litig.*), 681 F.3d 1323 (Fed. Cir. 2012) ........................................................6, 8, 19

*Rembrandt Patent Innovations L.L.C. v. Apple Inc.*, No. C 14-05093 WHA (consolidated),
    2015 U.S. Dist. LEXIS 167148 (N.D. Cal. Dec. 13, 2015) ....................................................7

*Superior Indus. v. Thor Glob. Enters.*,
    700 F.3d 1287 (Fed. Cir. 2012) .............................................................................................8

*Thornton v. Chandler*,
    C.A. No. 11-860-GMS, 2012 U.S. Dist. LEXIS 3688 (D. Del. Jan. 11, 2012) .......................8

*Trans Video Elecs., Ltd. v. Netflix, Inc.*,
    C.A. No. 12-1743-LPS, 2014 U.S. Dist. LEXIS 28337 (D. Del. Mar. 4, 2014) ............. 15, 17

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) .............................................................................................9

*Walker Digital, L.L.C. v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012) .......................................................................................9

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
    No: C 10-5525 SBA, 2011 U.S. Dist. LEXIS 129275 (N.D. Cal. Nov. 7, 2011) ...................12

## Statutes

35 U.S.C. § 271(c) ................................................................................................................2, 9, 18

## Other

Fed. R. Civ. P. 8(a)(2) .............................................................................................................7, 8

01:18411371.1

## I.  NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case.  On December 7, 2015, plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively "Philips") filed a complaint alleging that defendant Southern Telecom, Inc. ("Southern Telecom") infringes nine patents directly, contributorily, and through inducement.  D.I. 1 at 8–25.  As explained in the accompanying Motion to Dismiss for Improper Venue (D.I. 12), Philips filed similar suits alleging infringement of overlapping (and in some cases additional) patents against several other companies.  The Court granted a stipulated extension of time for the defendants to answer, move, or otherwise respond to the complaint until March 8, 2016.  Philips's complaint is filled with threadbare recitals of nine causes of action for patent infringement supported by mere conclusory statements, thereby failing to state a complaint upon which relief may be granted.  Consequently, for the reasons set forth herein and in the Rule 12(b)(6) motions of the other defendants, Southern Telecom moves the Court to dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(6), especially in view of the newly revised Federal Rules of Civil Procedure, which eliminated Form 18 for pleading patent infringement.

## II.  SUMMARY OF THE ARGUMENT

### A.  Direct Infringement Allegations Not Plausible

Philips's direct infringement allegations are nothing more than conclusions and formulaic recitation of the elements of direct infringement.  Such allegations do not comply with Fed. R. Civ. P. 8(a).  The Court should dismiss Philips's complaint because it does not contain sufficient matter, even accepted as true, to state a claim for direct infringement that is plausible on its face. In addition, Philips does not plead facts showing that Southern Telecom has performed or is performing, in the United States, each of the steps of the methods claimed in the '913 patent and

the '387 patent, much less the specific process or context of Southern Telecom's alleged practice of the claimed methods.  Instead, Philips is left with the threadbare assertion that Southern Telecom is "using" the Accused Devices.

### B.      Indirect Infringement Allegations Not Plausible

In addition to the failure to adequately plead direct infringement, Philips has failed to adequately plead induced or contributory infringement of each of the asserted patents because Philips has not set forth facts sufficient to plausibly allege that Southern Telecom knowingly induced infringement of the asserted patents or that Southern Telecom knew that the Accused Products were especially made or especially adapted for use in an infringement of the asserted patents, respectively.  Furthermore, with respect to the asserted method claims, as discussed in greater detail above, the Complaint does not explain what the "customers, end users, and others" are alleged to have actually done to amount to infringement of the asserted claims.  Philips also does not set forth sufficient facts that Southern Telecom was willfully blind to the possibility that its actions induced infringement or that Southern Telecom possessed the requisite specific intent.

Further, with respect to contributory infringement, Philips's complaint fails to properly identify a "component" as defined in § 271(c).  In addition, Philips's complaint merely parrots the statutory language for substantial non-infringing use for each of the asserted patents and fails to plead any facts supporting the threadbare, conclusory statement that the Accused Products "are not staple articles or commodities of commerce suitable for substantial, non-infringing use."

### C.      Willful Infringement Allegations Not Plausible

Philips's willful infringement allegations are insufficient because they fail to set forth plausible facts that Southern Telecom knew of an objectively high risk of infringement.

## III.   STATEMENT OF FACTS

The revised Federal Rules of Civil Procedure became effective on December 1, 2015.

Philips filed its complaint on December 7, 2015.  The revised Rules govern this case.

Philips's complaint has nine causes of action, one for each of the nine asserted patents.[1]

Each cause of action asserts three types of infringement: direct, inducement, and contributory.

The infringement allegations for each cause of action follow a similar format: one paragraph

devoted to direct infringement, one paragraph to inducement, one paragraph to contributory

infringement, and one paragraph to willful infringement.  The conclusory infringement

allegations of the first cause of action consume a mere three paragraphs and are exemplary of the

conclusory infringement allegations of the other eight causes of action.

35.   Defendant is directly infringing, either literally or under the doctrine of equivalents, the '913 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Polaroid PTAB735, which embody and/or practice at least one claim of the '913 patent in violation of 35 U.S.C. § 271. For example, claim 1 of the '913 patent is directed to a method for inputting characters to a device including a keypad which allows for entry of primary and secondary characters in different states. The Accused Devices embody the claimed invention, without limitation, by including keypad entry functionality which practices each of the steps of at least claim 1 of the '913 patent, either literally or under the doctrine of equivalents, in accord with user finger input.

36.   Defendant is also indirectly infringing the '913 patent at least by virtue of its inducement of direct infringement of the '913 patent by customers, end users, and others who use Defendant's tablet computers and smartphones referenced in paragraph 35. Defendant has induced, and continues to induce, others to infringe the '913 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the '913 patent with knowledge or willful blindness of that infringement. Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-

---

[1] United States Patent Nos. RE 44,913 ("the '913 patent"), 6,690,387 ("the '387 patent"), 7,184,064 ("the '064 patent"), 7,529,806 ("the '806 patent"), 5,910,797 ("the '797 patent"), 6,522,695 ("the '695 patent"), RE 44,006 ("the '006 patent"), 6,772,114 ("the '114 patent"), and RE 43,564 ("the '564 patent") (collectively, the "patents-in-suit").

loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributors [sic], resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the '913 patent by others with knowledge thereof.

37.    Defendant has contributorily infringed the '913 patent in violation of 35 U.S.C. § 271, without limitation, by offering to sell, selling, or importing the tablet computers and smartphones referenced in paragraph 35 with knowledge that they include or constitute a material part of the inventions claimed in the '913 patent and/or are especially made or adapted for use by others, including consumers or end users, to infringe the '913 patent, and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

\* \* \*

39.    Defendant has had actual notice of the '913 patent, and upon information and belief, has known or should have known that its activities outlined in paragraphs 35 to 37 above infringe the '913 patent directly or indirectly.  Defendant has nonetheless continued to engage in its infringing acts.  Accordingly, Defendant's infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

D.I. 1, ¶¶ 35-37, 39.

The nine patents-in-suit have a total of 132 claims.  *Id.* at Exs. 1–9.  Philips's complaint

identifies only one claim in each cause of action.  *Id.* ¶¶ 35, 42, 49, 56, 63, 70, 77, 84, 91.

Philips's complaint defines "Accused Devices" as "tablet computers and smartphones

which are pre-loaded with hardware and/or software containing functionality covered by one or

more claims of the '913, '387, '064, '806, '797, '695, '006, '114, and '564 patents."  The

complaint identifies only two Accused Devices by model number: Polaroid PTAB735 and

Polaroid A900X.  *Id.* ¶¶ 35, 56, 63, 70, 77.  In other instances, the complaint merely states "the

Accused Devices, including but not limited to, for example, the families of tablet computers sold

under the Polaroid, Uniden, Emerson, and Smartab brands, as well as families of smartphones

sold under the Polaroid brand."  *Id.* ¶¶ 42, 49, 63, 91.

Philips's complaint does not recite any of the claim language of the asserted claims and does not explain how the Accused Devices satisfy each element of each asserted claim in the nine causes of action. Instead, the complaint states only that the Accused Devices perform each step of the asserted claim or embody each of the elements of the asserted claim.

Philips's list of accused devices and infringement theories for each of the Patents-in-Suit is summarized below:

| Patent-in-Suit | Exemplary Accused Device(s) | Theory of Infringement "The Accused Devices embody the claimed invention, without limitation,…" |
|---|---|---|
| '913 Patent | Polaroid PTAB735 | "… by including keypad entry functionality which practices each of the steps of at least claim 1 … in accord with user finger input." |
| '387 Patent | "the families of tablet computers sold under the Polaroid, Uniden, Emerson, and Smartab brands, as well as families of smartphones sold under the Polaroid brand" | "… through pre-loaded touch screen control functionality which performs each of the steps of at least claim 9 … to enable control of the scroll-like display of data in response to user finger input." |
| '064 Patent | "the families of tablet computers sold under the Polaroid, Uniden, Emerson, and Smartab brands, as well as families of smartphones sold under the Polaroid brand" | "… through pre-loaded touch screen control functionality which embodies each of the elements of at least claim 1 … to enable control of data scrolling in response to user finger input." |
| '806 Patent | Polaroid PTAB735 | "… includ[ing] media presentation functionality which, for example, supports MPEG-DASH and/or HTTP Live Streaming to stream content, and which embodies each of the elements of at least claim 12 …." |
| '797 Patent | "the families of tablet computers sold under the Polaroid, Uniden, Emerson, and Smartab brands, as well as families of smartphones sold under the Polaroid brand" | "… through pre-loaded screen orientation functionality and/or pre-loaded game applications which embody each of the elements of at least claim 6 …." |
| '695 Patent | Polaroid PTAB735 | "… through pre-loaded functionality which supports the playback of FLAC[2] audio and |

---

[2] FLAC refers to "Free Lossless Audio Codec" (D.I. 1, ¶ 73), which upon information and belief is "an audio format similar to MP3, but lossless, meaning that audio is compressed in FLAC without any loss in quality." FLAC – Free Lossless Audio Codec, https://xiph.org/flac/ (last

| | | which embodies each element of claim 14 ….” |
|---|---|---|
| '006 Patent | Polaroid A900X | “… through pre-loaded functionality which allows for switching between recently opened applications (“apps”) displayed in a rotatable elliptical arrangement, and which embodies each of the elements of at least claim 1 ….” |
| '114 Patent | Polaroid PTAB735 | “… through pre-loaded functionality which supports the AMR-WB[3] standard 3GPP TS 26.190 and which embodies each element of at least claim 20 ….” |
| '564 Patent | “the families of tablet computers sold under the Polaroid, Uniden, Emerson, and Smartab brands, as well as families of smartphones sold under the Polaroid brand” | “… through pre-loaded touch zooming functionality, which embodies each element of at least claim 1 … to enable rendering a touch selected portion of a display at a larger second scale.” |

*Id.*, ¶¶ 35, 42, 49, 56, 63, 70, 77, 84, 91.

## IV.   ARGUMENT

### A.   Legal Standard for Pleading Patent Infringement

#### 1.   Direct Infringement

The revised Federal Rules of Civil Procedure, which became effective December 1, 2015, abrogated Rule 84, thereby eliminating the Appendix of Forms.  The Appendix of Forms had included Form 18 which provided a barebones sample complaint for alleging a claim of direct patent infringement.  Despite the heightened pleading standard set forth in two Supreme Court decisions, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Federal Circuit had held Form 18 suffices to plead direct infringement.  *See R+L Carriers, Inc. v. DriverTech L.L.C.* (*In re Bill of Lading Transmission & Processing Sys.*

---

visited Mar. 1, 2016).

[3] AMR-WB refers to the “Adaptive Multi-Rate Wideband” standard 3GPP TS 26.190, which upon information and belief, is a “wideband speech audio coding standard and . . . was developed by Nokia and VoiceAge . . . .”  Wikipedia – Adaptive Multi-Rate Wideband, https://en.wikipedia.org/wiki/Adaptive_Multi-Rate_Wideband (last visited Mar. 1, 2016).

*Patent Litig.), 6*81 F.3d 1323, 1334 (Fed. Cir. 2012).  With Form 18 abrogated, the heightened

pleading standard of *Twombly/Iqbal* now applies for pleading direct patent infringement because

those standards apply to all civil actions.  *Iqbal*, 556 U.S. at 684; *see also Mayne Pharma Int'l.*

*Pty Ltd., v. Merck & Co., Inc.*, C.A. No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912, at *4

n.1 (D. Del. Dec. 3, 2015) ("Under the new rules, allegations of direct infringement will be

subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to

demonstrate a 'plausible claim for relief.'"); *Rembrandt Patent Innovations LLC v. Apple Inc.*,

2015 U.S. Dist. LEXIS 167148, *12 (N.D. Cal. Dec. 13, 2015) ("Rule 84 has been abrogated, so

*In re Bill of Lading* no longer applies.").

  To meet minimal pleading requirements, a plaintiff must plead a "short and plain

statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  As the

Supreme Court has reiterated, compliance with Rule 8(a) "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Claims should be dismissed unless the

complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

  After the Supreme Court's decision in *Twombly*, "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.*  Stated differently, "a complaint must do more than allege the

plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."

*Fowler v. UPA/IC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "[W]here the well-pleaded facts

do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Thornton v. Chandler*, C.A. No. 11-860-GMS, 2012 U.S. Dist. LEXIS 3688, *5–6 (D. Del. Jan. 12, 2012) (quoting *Iqbal*, 129 S. Ct. at 1949, and Fed. R. Civ. P. 8(a)(2)).

To determine the sufficiency of a complaint to state a claim, the Court should first identify and disregard those allegations that are mere legal conclusions. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Next, the Court should accept as true any well-pleaded factual allegations, and then determine whether those facts plausibly give a right to relief. *See id.*; *see also E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, C.A. No. 11-773-SLR, 2012 U.S. Dist. LEXIS 140037, at *6 (D. Del. Sept. 28, 2012) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While doing so, the Court need not accept as true mere legal conclusions that are couched as factual allegations. *See Iqbal*, 556 U.S. at 678 (noting "'naked assertion[s]' devoid of 'further factual enhancement' will not suffice to overcome a motion to dismiss") (internal citations omitted).

### 2.  Indirect Infringement

In *Superior Indus. LLC v. Thor Global Enter. Ltd*, 700 F.3d 1287 (Fed. Cir. 2012), the Federal Circuit held that claims of indirect infringement must meet the pleading standards set forth in *Twombly* and *Iqbal*. This means that claims for indirect infringement must be pled with facts necessary to state a plausible claim for relief.

### a.  Induced Infringement

In order to establish a claim for induced infringement, the plaintiff's complaint must first plausibly allege that the patent was directly infringed. *See In re Bill of Lading*, 681 F.3d at 1333.

It must then sufficiently allege that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

### b.    Contributory Infringement

Under 35 U.S.C. § 271(c), a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of a patented machine or a material or apparatus for use in practicing a patented process "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *See also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).  Therefore, similar to inducement, Section 271(c) requires a showing that an "'alleged contributory infringer knew that the combination for which [its] component was especially designed was both patented and infringing.'" *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

### B.    Willful Infringement

To establish willful infringement, a patentee must first "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).  "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.*  Second, if the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

### C.   Philips's Conclusory and Unsupported Allegations

### 1.   Direct Infringement

Philips's direct infringement allegations are nothing more than conclusions and formulaic recitation of the elements of direct infringement.  Such allegations do not comply with Fed. R. Civ. P. 8(a).  The Court should dismiss Philips's complaint because it does not contain sufficient matter, even accepted as true, to state a claim for direct infringement that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Philips's direct infringement allegations are set forth in ¶¶ 29, 30, and 35:

> 29.   Upon information and belief, Defendant is, and has been, engaged in the business of manufacturing, and/or having manufactured, selling and/or offering to sell within the United States, using, importing into the United States, and/or providing customer support for tablet computers and smartphones which are pre-loaded with hardware and/or software containing functionality covered by one or more claims of the '913, '387, '064, '806, '797, '695, '006, '114, and '564 patents ("Accused Devices").

> 30.   Non-limiting examples of the Accused Devices manufactured, sold, offered for sale, used, and/or imported by or for Defendant are the families of tablet computers sold under the Polaroid, Uniden, Emerson and Smartab brands, as well as the families of smartphones sold under the Polaroid brand, which, on information and belief, have been sold within this judicial District, without limitation, through the websites and retail locations of third parties.

> 35.   Defendant is directly infringing, either literally or under the doctrine of equivalents, the '913 patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Devices, including but not limited to, for example, the Polaroid PTAB735, which embody and/or practice at least one claim of the '913 patent in violation of 35 U.S.C. § 271. For example, claim 1 of the '913 patent is directed to a method for inputting characters to a device including a keypad which allows for entry of primary and secondary characters in different states. The Accused Devices embody the claimed invention, without limitation, by including keypad entry functionality which practices each of the steps of at least claim 1 of the '913 patent, either literally or under the doctrine of equivalents, in accord with user finger input.

D.I. 1, ¶¶ 29, 30, 35.[4]

The Court should disregard the allegations of ¶ 29 because they are nothing more than naked assertions devoid of any factual enhancement. *Iqbal*, 556 U.S. at 678. Further, Philips's use of the phrase "upon information and belief" is a red flag that it has no support for the allegations in ¶ 29. Finally, ¶ 29 does not provide any factual support that the alleged "Accused Devices" are "pre-loaded with hardware and/or software containing functionality covered by one or more claims" of the patents-in-suit. At best, that last statement in ¶ 29 is merely a legal conclusion that the Court can disregard in resolving this motion to dismiss. *Id.* at 679.

Paragraph 30 adds nothing as it merely further defines "Accused Devices" to mean "the families of tablet computers sold under the Polaroid, Uniden, Emerson and Smartab brands, as well as the families of smartphones sold under the Polaroid brand." Paragraph 30 does not identify any of the alleged Accused Devices by specific model number. Even if the Court were to accept the allegations of ¶ 30 as true, it does not plausibly give Philips a right of relief.

The first sentence of ¶ 35 is merely another naked assertion devoid of any factual enhancement. As such, the Court can ignore that statement. The second sentence of ¶ 35 purports to summarize the nature of claim 1 of the '913 patent. That sentence even if assumed true does not entitle Philips to relief. The last sentence of ¶ 35 is another naked assertion without any factual enhancement. *See, e.g., Macronix Intern. Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (holding that to satisfy *Twombly* and *Iqbal*, patent infringement claims must state "how the offending products" allegedly infringe, including whether literally or by the doctrine of equivalents, without simply parroting "the claim language for each element"). At best, it is

---

[4] Paragraphs 29 and 30 apply to all nine causes of action. Paragraph 35 is from the first cause of action and is exemplary of the direct infringement allegations in the other eight causes of action. *See* D.I. 1, ¶¶ 42, 49, 56, 63, 70, 77, 84, 91.

merely a legal conclusion that the Court can disregard in resolving this motion to dismiss.  *Id.*

Paragraphs 42, 49, 56, 63, 70, 77, 84, 91 of the complaint are similar in format and substance

compared to ¶ 35.  Thus, none of the other causes of action state a claim that is plausible on its

face.  Consequently, the Court should dismiss all nine causes of action for failure to state a claim.

In addition to the reasons just discussed, the Court should additionally dismiss Philips's

first and second causes of action for following additional reasons.  "A method patent . . . is not

infringed unless all the steps are carried out."  *Limelight Networks, Inc. v. Akamai Techs., Inc.*,

134 S. Ct. 2111, 2117 (2014).  "[T]o adequately state a claim for direct infringement of method

claims, the complaint must allege that the accused infringer 'perform[ed] all the steps of the

claimed method, either personally or through another acting under his direction or control.'"

*Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, C.A. No. 12-1109-GMS, 2013 U.S. Dist.

LEXIS 164549, at *5–6 (D. Del. Nov. 14, 2013) (granting motion to dismiss direct infringement

of method claim).  "Thus, with a method patent infringement claim, to properly allege 'use' of

the patent, the patentee must identify the steps of the claimed infringing process that allegedly

violated the protected method and must allege that all the protected steps have been used by the

infringer."  *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C-10-5525-SBA, 2011 U.S. Dist.

LEXIS 129275, at *10–12 (N.D. Cal. Nov. 7, 2011).  In applying *Twombly* and *Iqbal*, courts

have dismissed claims of direct infringement of method claims on this basis.  *See Desenberg v.*

*Google, Inc.*, 392 F. App'x 868, 870–71 (Fed. Cir. 2010) (affirming district court's decision to

grant motion to dismiss for failure to state a claim for infringement of a patented method because

the complaint failed to allege that the infringer performed all the steps of the claimed method or

that the infringer directed or controlled the performance by multiple parties of all the steps of the

claimed method) (citing *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1380–81 (Fed. Cir.

2007)); *see also Andrulis Pharms. Corp. v. Celgene Corp.*, C.A. No. 13-1644-RGA, 2014 U.S. Dist. LEXIS 50110, at \*1–3 (D. Del. Apr. 10, 2014); *Friday Group v. Ticketmaster*, No. 08-CV-01203, 2008 U.S. Dist. LEXIS 100529, at \*14 (E.D. Mo. Dec. 12, 2008).

In the present case, Philips's conclusory assertions fail these standards. When singling out a specific method claim for the '913 and '387 patents, Philips asserts that the accused devices include functionality that "performs each of the steps" of that method. *See* D.I. 1, ¶¶ 35, 42. As an initial matter, Philips never asserts that Southern Telecom "performs each of the steps." *See id.* In any case, Southern Telecom cannot infringe a method claim simply by making, selling, offering to sell, or importing products that allegedly practice the claimed method. *See, e.g., Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774–75 (Fed. Cir. 1993) ("[A] method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method. The sale of the apparatus is not a sale of the method. A method claim is directly infringed only by one practicing the patented method."). As such, Philips's assertion that Southern Telecom makes, sells, offers to sell, or imports into the United States accused devices that perform the claimed method cannot constitute a facially plausible claim. Philips does not plead facts showing that Southern Telecom has performed or is performing, in the United States, each of the steps of the methods claimed in the '913 and '387 patents, much less the specific process or context of Southern Telecom's alleged practice of the claimed methods. Instead, Philips is left with the threadbare assertion that Southern Telecom is "using" the Accused Devices. That conclusory allegation, however, does not satisfy the standard of *Twombly* or *Iqbal* for factual allegations that give notice of a facially plausible claim. Therefore for these addition reasons, the Court should dismiss Philips's first and second causes of action.

01:18411371.1

## 2.     Induced Infringement

With respect to induced infringement, Philips's complaint includes the following:

- "Defendant has, and continues to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices pre-loaded with hardware and/or software containing infringing functionality within this District, to consumers, customers, manufacturers, distributors, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof."  D.I. 1, ¶ 7.

- "Upon information and belief, Defendant is well-aware of Plaintiffs' patent portfolio relating to Defendant's tablet computers and smartphones."  *Id.,* ¶ 19.

In addition, with respect to each of the asserted patents, the complaint alleges:

- "Upon information and belief, Defendant has had knowledge of the [asserted] patent in advance of the filing of this Complaint.  At the very latest, Southern Telecom was given notice of its infringement of the [asserted] patent upon receiving a letter from Philips dated September 24, 2014."  *Id.,* ¶¶ 20–25, 27–28;[5]

- "Defendant is also indirectly infringing the [asserted] patent at least by virtue of its inducement of direct infringement of the [asserted] patent by customers, end users, and others who use Defendant's tablet computers and smartphones referenced [above].  Defendant has induced, and continues to induce, others to infringe the [asserted] patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of the [asserted] patent with knowledge or willful blindness of that infringement.  Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers [sic], resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the [asserted] patent by others with knowledge thereof."  *Id.,* ¶¶ 36, 43, 50, 57, 64, 71, 78, 85, 92.

---

[5] With respect to the '006 patent, the Complaint provides a slightly different allegation: "Upon information and belief, Defendant has had knowledge of the '006 patent in advance of the filing of this Complaint, upon receiving a letter from Philips dated September 24, 2014.  At the very latest, Southern Telecom was given further notice of its infringement of the '006 patent upon the filing of this Complaint."  *Id.,* ¶ 26.

- "Defendant has had actual notice of the [asserted] patent, and upon information and belief, has known or should have known that its activities outlined [above] infringe the [asserted] patent directly or indirectly. Defendant has nonetheless continued to engage in its infringing acts." *Id.,* ¶¶ 39, 46, 53, 60, 67, 74, 81, 88, 95.

First, Philips has failed to adequately plead induced infringement of each of the asserted patents because Philips has failed to sufficiently allege direct infringement, as set forth above.

Second, Philips has failed to adequately plead induced infringement of each of the asserted patents because Philips has not set forth facts sufficient to plausibly allege that Southern Telecom knowingly induced infringement of the asserted patents. While Philips alleges that "Southern Telecom was given notice of its infringement of the [asserted] patent[s] upon receiving a letter from Philips dated September 24, 2014" (*see* D.I. 1, ¶¶ 20–28), Philips has alleged no facts regarding the substance of that notice. As such, the Court is left to speculate as to what it was about that notice that could have plausibly provided Southern Telecom with the requisite knowledge of infringement. *See Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 161874, at *45 (D. Del. Nov. 13, 2012); *see also HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2012 U.S. Dist. LEXIS 92167, at *8 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge.").

Furthermore, with respect to the asserted method claims, as discussed in greater detail above, the Complaint does not explain what the "customers, end users, and others" are alleged to have actually done to amount to infringement of the asserted claims. *Trans Video Elecs., Ltd. v. Netflix, Inc.*, C.A. No. 12-1743-LPS, 2014 U.S. Dist. LEXIS 28337, at *11 (D. Del. Mar. 4, 2014) (finding that the plaintiff failed to sufficiently allege the defendant's knowledge of infringing conduct by its customers, where the complaint was silent as to what the customers

were alleged to have done to amount to use of the claimed method). The Complaint simply refers to a portion of the preamble of each asserted claim and generally ascribes the alleged infringement of certain asserted claims to "user finger input." *See* D.I. 1, ¶¶ 35, 42, 49, 56, 63, 70, 77, 84, 91.

All other allegations of Southern Telecom's knowledge of infringement are mere conclusory averments containing no factual support. In *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, the Court found that based on the similar bald statement that the defendants induced their customers to infringe "with knowledge that the inducted acts constituted infringement," it could not conclude "that such exceedingly broad allegations set out a plausible claim as to this element of induced infringement." C.A. No. 13-2052-LPS, 2014 U.S. Dist. LEXIS 131568, at *18 (D. Del. Sept. 19, 2014).

Philips also does not set forth sufficient facts that Southern Telecom was willfully blind to the possibility that its actions induced infringement. "To plead willful blindness, a plaintiff must identify affirmative actions taken by the defendant to avoid gaining knowledge of the patents-in-suit or of acts that constituted patent infringement." *Id.* at *14–15. Philips's mere passing references to willful blindness are insufficient to support the theory. In fact, Philips's averment that "Defendant is well-aware of Plaintiffs' patent portfolio relating to Defendant's tablet computers and smartphones" (D.I. 1, ¶ 19) contradicts a theory of willful blindness. Overall, Philips has failed to set forth facts to plausibly allege that Southern Telecom knowingly induced infringement of the asserted patents.

Third, Philips has failed to adequately plead induced infringement of each of the asserted patents because Philips does not plausibly allege that Southern Telecom possessed the requisite specific intent. Nor does Philips set out any facts that would permit the Court to infer that

Southern Telecom possessed the requisite intent.  *See Bonutti Skeletal Innovations*, 2013 U.S.

Dist. LEXIS 164549, at *10.  As this Court found in *Neology*:

> [A]bsent sufficient factual allegations as to how the Accused Products are said to
> infringe the patents-in-suit, assertions that a defendant provided unspecified
> "training and instructions to [its] customers concerning the use of the Accused
> Products" are not specific enough to allege the requisite encouragement. . . In
> such a circumstance, this type of allegation simply begs the question: "Provided
> 'training and instructions' as to what?"

2014 U.S. Dist. LEXIS 131568, at *19; *see also MONEC Holding AG v. Motorola Mobility, Inc.*,

897 F. Supp. 2d 225, 234 (D. Del. 2012) (finding conclusory averments that defendants engaged

in selling, advertising, supplying, and instructing its respective customers on the use of the

infringing product were insufficient to establish that defendants "knew such activities were

infringing or that [they] possessed the specific intent to encourage another's infringement");

*Trans Video Elecs.*, 2014 U.S. Dist. LEXIS 28337, at *14 ("In light of the lack of facts pled

linking up any 'instructions' with conduct plausibly asserted to amount to direct infringement,

the allegations as to [specific intent to induce infringement], then, are insufficient as well.").

    For at least these three reasons, the Court should dismiss Philips's induced infringement

claims against Southern Telecom.

### 3.      Contributory Infringement

    In addition to the quoted portions above regarding general allegations of knowledge,

Philips's Complaint includes the following with respect to contributory infringement:

- "Defendant has contributorily infringed the [asserted] patent in violation of 35
  U.S.C. § 271, without limitation, by offering to sell, selling, or importing the
  tablet computers and smartphones referenced [above] with knowledge that they
  include or constitute a material part of the inventions claimed in the [asserted]
  patent and/or are especially made or adapted for use by others, including
  customers or end users, to infringe the [asserted] patent, and are not staple articles
  or commodities of commerce suitable for substantial, non-infringing use."  D.I. 1,
  ¶¶ 37, 44, 51, 58, 65, 72, 79, 86, 93.

First, Philips has not adequately plead contributory infringement of each of the asserted patents because Philips has failed to sufficiently allege direct infringement, as set forth above.

Second, for the same reasons stated above with respect to Philips's claims of induced infringement, Philips's claims of contributory infringement must be dismissed because Philips has not set forth sufficient facts to plausibly allege that Southern Telecom knew that the Accused Products were especially made or especially adapted for use in an infringement of the asserted patents. *See Neology*, 2014 U.S. Dist. LEXIS 131568, at *22; *Pragmatus AV, LLC*, 2012 U.S. Dist. LEXIS 161874, at *50.

Third, Philips's complaint fails to properly identify a "component" as defined in § 271(c). The claims of the asserted patents are directed to certain hardware and/or software that embody or perform the accused touchscreen and audio processing functionalities. *See* D.I. 1, ¶¶ 35, 42, 49, 56, 63, 70, 77, 84, 91.  The complaint alleges that these claims are contributorily infringed by Southern Telecom's sale, offer to sell, or importation of "the tablet computers and smartphones referenced in paragraph [35, 42, 49, 56, 63, 70, 77, 84, and 91]." *Id.* ¶¶ 37, 44, 51, 58, 65, 72, 79, 86, 93.  These finished consumer devices, however, are the same devices accused of direct infringement, and thus cannot be a "component" for the purposes of § 271(c).

This Court has repeatedly dismissed contributory infringement allegations for the same deficiency.  In *MIH International*, this Court dismissed a contributory infringement allegation because it did not make "legal sense."  *MIH Int'l LLC v. Banyan Health Care Prods. Inc.*, C.A. No. 13-1330-RGA, slip op. at *2 (D. Del. May 28, 2014).  As this Court noted:  "The patent claims are apparatus claims.  Plaintiff alleges Defendant sells the apparatus—a corset—to others, who then resell it.  I do not see anything in the Amended Complaint from which I could infer that Plaintiff [sic] sells a component of a patented product."  *Id.*  Similarly, in *HSM Portfolio*, this

Court agreed with the defendant that "the accused semiconductor chips are not components especially designed for an infringing product because they are accused of direct infringement in and of themselves," and thus could not make "legal sense" of the plaintiffs' arguments. *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2014 U.S. Dist. LEXIS 125500, at *6; *see also id.* at *6, n.1 ("Section 271(c) codified a common type of infringement, where a seller would sell a component that was itself not technically covered by the claims of a product or process patent but that had no other use except with the claimed product or process.") (internal citation omitted). Likewise, Philips has only alleged that Southern Telecom sells the finished consumer device, not a component of the device and, therefore, fails to plead sufficient facts.

Fourth, Philips's complaint merely parrots the statutory language for substantial non-infringing use for each of the asserted patents and fails to plead any facts supporting the threadbare, conclusory statement that the Accused Products "are not staple articles or commodities of commerce suitable for substantial, non-infringing use." D.I. 1, ¶¶ 37, 44, 51, 58, 65, 72, 79, 86, 93. Philips fails to allege any factual support explaining why the Accused Products do not have substantial, non-infringing uses,[6] and such failure warrants dismissal. *See, e.g.*, *Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92-RGA, 2012 U.S. Dist. LEXIS 93112, at *4 (D. Del. July 5, 2012) (dismissing contributory infringement allegations because "allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions

---

[6] In fact, Philips' complaint readily admits that certain of the accused devices have substantial non-infringing uses. For example, Philips accuses the Polaroid PTAB735 of infringing multiple asserted patents, each of which claims different subject matter. *See* D.I. 1, ¶¶ 35, 56, 70, 84. Therefore, Philips' own allegations necessarily imply that the accused products have substantial, non-infringing uses. *See In re Bill of Lading*, 681 F.3d at 1337–39 (affirming dismissal of contributory infringement allegations because of the appellant's "own reference to many possible uses of the Appellee's products" and failure to allege that the products can perform "*only* the infringing method"). In addition to Philips' admissions, all of the accused products are tablet computers and smartphones that are readily capable of countless many substantial, non-infringing uses.

and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts").

For at least these four reasons, Philips's contributory infringement claims against Southern Telecom must be dismissed.

### 4.    Willful Infringement

Similar to the arguments above with respect to induced infringement, Philips's willfulness allegations are insufficient because they allege that Southern Telecom was alerted to the patents but fail to state facts plausibly establishing that Southern Telecom knew or should have known of an objectively high risk of infringement.  To properly plead willfulness, Philips was required to allege facts establishing that Southern Telecom knew or should have known, not only about its patents, but also about a risk of infringement that was objectively high.  *See, e.g.*, *MONEC Holding AG*, 897 F. Supp. 2d at 236 (dismissing claims for willfulness as inadequately pled and explaining that at the pleading stage, a plaintiff must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk," and must "demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement" were either known or were so obvious that they should have been known") (quoting *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.,* 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal quotations omitted).  For at least this reason, Philips's willful infringement claims against Southern Telecom must be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Southern Telecom respectfully requests that the Court dismiss Philips's complaint for failing to state a claim of direct infringement, contributory infringement, or inducing infringement of any of the nine patents-in-suit.

01:18411371.1

20

Dated:  March 8, 2016

Of Counsel:

P. Andrew Blatt
**WOOD HERRON & EVANS LLP**
2700 Carew Tower
Cincinnati, OH 45202
Telephone: (513) 241-2324
E-mail: dblatt@whe-law.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (# 5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
*Attorneys for Defendant, Southern Telecom, Inc.*

01:18411371.1

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 8, 2016, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

| | |
|---|---|
| **Attorneys for Plaintiffs, Koninklijke Philps, N.V. and U.S. Philips Corporation:** | |
| | |
| Michael P. Kelly | mkelly@mccarter.com |
| Daniel M. Silver | dsilver@mccarter.com |
| Benjamin A. Smyth | bsmyth@mccarter.com |
| MCCARTER & ENGLISH LLP | |
| Renaissance Centre | |
| 405 N. King Street, 8th Floor | |
| Wilmington, DE 19801 | |
| | |
| Michael P. Sandonato | msandonato@fchs.com |
| John D. Carlin | jcarlin@fchs.com |
| Daniel A. Apgar | dapgar@fchs.com |
| Jonathan M. Sharret | jsharret@fchs.com |
| FITZPATRICK, CELLA, HARPER & SCINTO | |
| 1290 Avenue of the Americas | |
| New York, New York 10104-3800 | |

March 8, 2016

/s/ Karen L. Pascale

Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Robert M. Vrana (# 5666) *[rvrana@ycst.com]*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600
*Attorneys for Defendant, Southern Telecom, Inc.*