**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**SOUTHERN TELECOM, INC.,**<br><br>Defendant. | C.A. No. 15-1128-GMS |

**DEFENDANT SOUTHERN TELECOM, INC.'S
NOTICE OF JOINDER IN HTC'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Defendant Southern Telecom, Inc. ("Southern Telecom") hereby joins in HTC's Reply in Support of Motion to Dismiss for Failure to State a Claim filed as D.I. 28 in *Koninklijke Philips N.V. and U.S. Philips Corporation v. HTC Corp. and HTC America, Inc.*, C.A. No. 15-1126-GMS ("HTC Action"). Southern Telecom fully incorporates by reference the arguments set forth in HTC's reply brief.

In addition to incorporating by reference the arguments from HTC's opening brief (HTC Action D.I. 20), Southern Telecom's Notice of Joinder in HTC's Motion to Dismiss (D.I. 22) also challenged Philips' inducement and willfulness allegations against Southern Telecom. Philips responded to those arguments in its answering brief (D.I. 29) ("Opposition"). This Notice of Joinder responds to Philips' arguments on inducement and willfulness.

<u>**Philips' Footnote 2**</u>

As an initial matter, Southern Telecom responds to footnote 2 of Philips' Opposition. Philips feigns shock that Southern Telecom's Notice of Joinder would incorporate by reference HTC's arguments when there are factual differences between HTC's situation and Southern

Telecom's. Yet, Philips' Opposition against Southern Telecom was nearly identical to the answering brief Philips filed against HTC (HTC Action D.I. 27) ("HTC Opposition"), except for the additional sections on inducement and willfulness. Even Philips' Counterstatement of Facts in the Southern Telecom Opposition was nearly identical to the Counterstatement of Facts in its HTC Opposition. Moreover, any factual differences between the First Amended Complaint (D.I. 20) ("FAC") in this action and the FAC in the HTC Action are not consequential with respect to the viability of allegations of direct infringement and contributory infringement. Therefore, the Court may apply its decision on HTC's motion to dismiss to this action as well.

So while Philips contends there are factual differences, Philips nonetheless recycled the exact arguments—nearly word-for-word–from its HTC Opposition—into its Southern Telecom Opposition. In addition, Philips does not dispute any of the factual differences that Southern Telecom raised in its original Notice of Joinder (D.I. 22).

The Court should ignore Philips' unsupported request to deny Southern Telecom's motion to dismiss merely because it incorporated the arguments of HTC's opening brief. Southern Telecom joined in HTC's motion to dismiss and incorporated HTC's opening brief primarily as a matter of convenience for the Court, in order to minimize duplicative arguments and reduce the volume of briefing.

### Inducement

Philips' Opposition fails to address Southern Telecom's arguments or to distinguish cases cited regarding inducement. Philips' arguments with respect to the "knowingly induced" element are off-base because knowing inducement requires more than mere knowledge of the patent. While Philips cites *Skeletal Innovations LLC v. ConforMIS, Inc.*, C.A. No. 12-1109-GMS, 2013 U.S. Dist. LEXIS 164549 (D. Del. Nov. 14, 2013) as having a complaint that was

more deficient than Philips' complaint in the present case, it does not even attempt to distinguish this Court's finding of insufficiently pled knowing inducement in *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 U.S. Dist. LEXIS 131568 (D. Del. Sept. 19, 2014). *See* D.I. 22 at 3. Furthermore, by failing to address Southern Telecom's arguments regarding willful blindness, Philips effectively concedes that its alternative claim of willful blindness is not plausible.

Similarly, with respect to the intent element of induced infringement, Philips relies on *McRo, Inc. v. Rockstar Games, Inc.*, in which the Court simply found that a complaint referencing instructional materials <u>and</u> a contractual relationship "<u>could be</u> sufficient to demonstrate the encouragement of patent infringement." C.A. No. 12-1513-LPS-CJB, 2014 U.S. Dist. LEXIS 34161, at *21-22 (D. Del. Mar. 17, 2014) (emphasis added). Philips does not even attempt to distinguish this Court's finding of insufficiently pled intent in *Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, C.A. No. 12-1109-GMS, 2013 U.S. Dist. LEXIS 164549 (D. Del. Nov. 14, 2013). *See* D.I. 22 at 3-4.

For these reasons, in addition to those provided in Southern Telecom's original Notice of Joinder (D.I. 22), Philips has failed to set forth facts to plausibly allege that Southern Telecom induced infringement of the asserted patents.

### **Willfulness**

Philips' discussion of *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425, 2012 U.S Dist. LEXIS 4279 (D. Del. Mar. 28, 2012) is misleading, and the associated analysis is inapplicable. Philips has only partially quoted the relevant portion of *St. Clair*, which goes on to state: "[a]ctual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement; <u>rather, a plaintiff may plead facts giving</u>

rise to 'at least a showing of objective recklessness' of the infringement." *Id.* at *6 (emphasis added).  Pleading awareness of the patent alone is not sufficient.  *See In re Seagate Tech, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  As set forth in Southern Telecom's original Notice of Joinder (D.I. 22), Philips' FAC does not state facts to plausibly allege that Southern Telecom knew or should have known of an objectively high risk of infringement.

The Court should dismiss Philips' FAC against Southern Telecom for the same reasons set forth in HTC's Motion to Dismiss (HTC Action D.I. 19), HTC's Opening Brief (HTC Action D.I. 20), and HTC's Reply (HTC Action D.I. 28), as well as for the additional reasons set forth in Southern Telecom's original Notice of Joinder and herein as to inducement and willfulness.

| | |
|---|---|
| Dated:  June 16, 2016 | **YOUNG CONAWAY STARGATT & TAYLOR LLP** |
| *Of Counsel:* | */s/ Karen L. Pascale* |
| P. Andrew Blatt<br>**WOOD HERRON & EVANS LLP**<br>2700 Carew Tower<br>Cincinnati, OH 45202<br>Telephone: (513) 241-2324<br>E-mail: dblatt@whe-law.com | Karen L. Pascale (#2903) [kpascale@ycst.com]<br>Robert M. Vrana (# 5666) [rvrana@ycst.com]<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>Telephone: (302) 571-6600 |
| | *Attorneys for Defendant, Southern Telecom, Inc.* |

# **CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on June 16, 2016, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

*Attorneys for Plaintiffs, Koninklijke Philps, N.V. and U.S. Philips Corporation:*

| | |
|---|---|
| Michael P. Kelly | mkelly@mccarter.com |
| Daniel M. Silver | dsilver@mccarter.com |
| Benjamin A. Smyth | bsmyth@mccarter.com |
| MCCARTER & ENGLISH LLP | |
| Renaissance Centre | |
| 405 N. King Street, 8th Floor | |
| Wilmington, DE 19801 | |
| | |
| Michael P. Sandonato | msandonato@fchs.com |
| John D. Carlin | jcarlin@fchs.com |
| Daniel A. Apgar | dapgar@fchs.com |
| Jonathan M. Sharret | jsharret@fchs.com |
| FITZPATRICK, CELLA, HARPER & SCINTO | |
| 1290 Avenue of the Americas | |
| New York, New York 10104-3800 | |

June 16, 2016

*/s/ Karen L. Pascale*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Robert M. Vrana (# 5666) *[rvrana@ycst.com]*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
*Attorneys for Defendant, Southern Telecom, Inc.*